IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JERRY LESTER JACKSON,** <br> **(BOP No. 16527-078),** | § <br> § <br> § | |
| **Plaintiff,** | § <br> § | |
| v. | § <br> § | Civil Action No. 4:20-cv-1086-O |
| **JACK JACKS, Counselor,** <br> **FMC-Fort Worth** | § <br> § <br> § <br> § | |
| **Defendant.** | § | |

**OPINION AND ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/Plaintiff Jerry Lester Jackson's ("Jackson") claims to determine if they are frivolous, malicious, or fail to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed and screened the claims in the second amended complaint and more definite statement, the Court concludes that Jackson's claims in this case must be dismissed under authority of these provisions.

**I.  BACKGROUND**

Jackson filed a handwritten complaint naming as the only defendant the United States of America. Compl. 1-12, ECF No. 1. After the issuance of a deficiency order requiring Jackson to set forth his claims on a civil-complaint form, Jackson failed to comply, instead filing another handwritten pleading, with a brief in support and exhibits thereto. Am. Compl. 1-28, ECF No. 6. The Court again noted the deficiencies in the amended complaint and attachments, and again ordered Jackson to file a form amended complaint with attachment pages. ECF No. 9. The Court

1

expressly informed Jackson that once that second amended complaint was filed, the Court would look to that document in reviewing his claims. *Id*. at 3. This time Jackson completed a form complaint with attachment pages, which the Court considers a second amended complaint. ECF No. 11. Because it was unclear whether Jackson still sought to assert claims under the Federal Tort Claims Act ("FTCA"), the Court also directed Jackson to file answers to the Court's questions in the form of a more definite statement. Order, ECF No. 12. Jackson complied by filing a more definite statement ("MDS"). Thus, the second amended complaint and the MDS are the operative pleadings subject to screening.

In the second amended complaint, Jackson named as the only defendant FMC-Fort Worth Counselor Jack Jaacks. Sec. Am. Compl. 1, 3-4, ECF No. 11. He wrote the following statement of claim:

> On April 23, 2018 Plaintiff was ordered by counselor Jaacks to move steel bunk beds to a different location in his cell which required the dismantling and tools. This act occurred at FMC-Fort Worth, Fort Worth, TX, at which point Anthony Johnson and the Plaintiff proceeded to follow the orders given and attempted to dismantle and move bunk bed as ordered. During such attempt the top portions of the metal bed fell upon Plaintiff's left hand crushing it and partially amputating his left ring finger.

*Id.* at 4. For relief, Jackson seeks an award of monetary damages. *Id.*

In response to the Court's order for him to answer questions in a more definite statement, Jackson provided an MDS. He contends that Jackson violated his rights under the Eighth Amendment in the following ways:

> [B]y ordering Plaintiff to work under dangerous conditions, such as moving heavy metal bed which placed him at a substantial risk of harm, resulting in the partial amputation of his left ring finger;
>
> [b]y making no attempt to minimize the substantial risk of injury that ultimately happened to Plaintiff (amputation of finger) despite having knowledge of:

> (1) that moving heavy metal beds in tight quarters was not Plainitff's job assignment;
>
> (2) that Plaintiff was not adequately trained or supervised on how to perform such a task nor provided the proper tool to accomplish such a task; and,
>
> (3) that several other inmates had been injured while attempting to perform the task of moving heavy metal beds in tight quarters.

MDS 1-2, ECF No. 15. With regard to his prior references to the FTCA, Jackson expressly informed the Court that he does "not intend to seek [a] claim under [the] FTCA."[1] *Id*. at 3.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Jerry Lester Jackson is an inmate who was permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Jackson is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915A and § 1915(e)(2) provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915A(b) and 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in

---
[1]Thus, the Court need not and does not address any potential claim under the FTCA.

fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS – Failure to State a Claim of Violation of the Eighth Amendment

The United States Court of Appeals for the Fifth Circuit has acknowledged that work-related injuries sustained in prison work programs rarely rise to the level of a violation of the Eighth Amendment. *Bagola v. Kindt*, 131 F.3d 632, 645 (5th Cir. 1997). Courts have repeatedly held that complaints by prisoners for work-related injuries, even where the injuries are serious, do not set forth a valid claim under the Civil Rights Act. *See, e.g., Lerma v. Falks*, 338 F. App'x 472, 474 (5th Cir. 2009) (no constitutional violation where plaintiff was injured by a canning machine he was forced to operate while in prison despite his claim that defendants knew the machine was malfunctioning); *Moore v. Campbell*, 48 F. App'x 103, 2002 WL 31016492 (5th Cir. 2002) (claim by inmate injured when laundry press closed on his hand after officials knew the press was faulty but failed to repair it was insufficient to demonstrate deliberate indifference); *Bowie v. Procunier*, 808 F.2d 1142 (5th Cir. 1987) (no constitutional violation where inmate lost an eye as a result of the defendants' failure to provide safety equipment); *Warren v. Missouri*, 995 F.2d 130 (8th Cir. 1993) (no evidence of deliberate indifference where

4

inmate suffered broken wrist after being forced to work on an industrial table saw and the prison failed to equip the saw with safety features despite knowledge of prior injuries from the saw); *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991) (inmate forced to work on machine with no safety guards who lost portions of two fingers could not prevail on an Eighth Amendment claim absent a showing of deliberate indifference); *Rose v. Sherman*, No. 5:12-cv-239-C, 2015 WL 13261882 at *5 (N.D. Tex. Apr. 16, 2015) (no deliberate indifference where inmate's thumb, forefinger, and part of the middle finger of his right hand were severed while using a band saw to cut frozen meat) *aff''d*, 676 F. App'x 258 (5th Cir. 2017); *Backstrom v. Thayler*, No. 2:12-cv-0116, 2012 WL 2847742 at *1 (N.D. Tex. June 26, 2012), *rep. and rec. adopted*, No. 2:12-cv-0116, 2012 WL 2861726 (N.D. Tex. July 11, 2012) (no constitutional violation where inmate's right hand was pressed in a shoe mold machine requiring surgery and leaving him with permanent impairment and pain); *Langley v. Byerly*, No. CIV.A. 9:06-cv-220, 2006 WL 3761805 at *5 (E.D. Tex. Dec. 20, 2006) (no constitutional violation where inmate suffered injury when his fingers were pulled into a cable saw despite prior complaints that the saw was unsafe); *Trejo v. Compton*, No. 5:04-cv-080-B G, 2006 WL 8444893 at *3 (N.D. Tex. Mar. 13, 2006) (no constitutional violation where inmate's fingers were severed while using a table router) *aff'd,* 299 F. App'x 405 (5th Cir. 2008); *Rodriguez v. Texas Dep't of Criminal Justice, Inst. Div.*, No. CIV.A. 1:00-cv-236-C, 2003 WL 22055820 at *12 (N.D. Tex. Aug. 28, 2003) (no deliberate indifference where inmate suffered a broken shoulder, knee, and back when standing in a basket lifted by a forklift and the forklift turned over).

      Like the cases recited above, Jackson's claims do not arise to a constitutional violation. Though he suffered a serious finger injury, as in many of the other cited cases, the fact that Jackson suffered an injury is not dispositive of whether he was subjected to cruel and unusual

punishment under the Eighth Amendment. And, though Jackson recites deliberate indifference by Jaacks in failing to minimize the risk, failing to adequately train and supervise him, and by being aware that other inmates had been injured, Jackson does not state any specific facts to support these allegations, or to evince particular conduct by Jaacks that exposed him to a dangerous condition. *See generally Thompson v. Upshur Cnty*, 245 F.3d at 459 ("deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm")

To the extent, if any, that Plaintiff's complaint may give rise to a claim of negligence, such a claim is a tort under state law and does not in and of itself rise to constitutional dimensions. If Jackson's claim of injury to his finger while working on metal bunk beds is judicially redressable, such redress must lie in state law and in the state court system, rather than in federal court. *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

For these reasons, Jackson's only claim against individual defendant Jack Jaacks fails to state a claim of a constitutional violation and must be dismissed under authority of the screening provisions.

## IV.  CONCLUSION and ORDER

It is therefore **ORDERED** that plaintiff claim in this suit against the only defendant Jack Jaacks is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and alternatively, under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **8th day** of **June, 2021.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**